PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. PEDRO CONCEPCIÓN ALEGRÍA, Defendant and Appellant.

No. 2941. Argued February 4, 1927.—Decided March 11, 1927.

*Rafael Sancho Bonet* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The evidence for the prosecution in this case tended to show that on the day when the acts complained of were committed the prosecuting witness, Pilar Ruiz, had a small café where he was working; that just as he was placing some bottles beneath a counter the defendant came in with his hand in his pocket and when the prosecuting witness, after placing the bottles, arose from the stooping position he had assumed the defendant shot and wounded him, the bullet entering the armpit (axila) on the right side and passing out at the shoulder near the vertebra. Upon receiving the wound the prosecuting witness fled towards a house belonging to him in front of the café and into the yard of a house. The defendant who followed him, pursuing him with a pistol, stood over the prosecuting witness, at which moment several persons arrived and took the pistol away from the defendant. Later the prosecuting witness was taken to the hospital.

The evidence of the defense tended to show that on a certain day the defendant, who was an intimate friend of the prosecuting witness, at the moment when the former was going to his house, found the prosecuting witness running away from the house and for that reason he was suspicious of his wife and invited the prosecuting witness to come in and explain; that he consulted with a lawyer in order to obtain a divorce; that about a month later he met the prosecuting witness in San Juan and the latter made some explanations to him, saying that he was not guilty, and that he would show the defendant certain letters that would prove that he was not to blame; that some time thereafter the defendant was in the shop of the prosecuting witness, namely, on the day on which the facts occurred, and after having greeted the prosecuting witness, which the latter answered, the defendant asked for the letters which had been offered

and then the prosecuting witness came at the defendant with a pistol and during the struggle the shot was fired; that at the same time the said Pilar Ruiz, the prosecuting witness, ran away, the defendant pursuing him, and that near the said café they had another struggle. A Mr. Wolkers came up and it would appear that between him and the defendant, according to the evidence of the defense, the pistol was taken away from the prosecuting witness. The jury found against the defendant.

The defendant was charged with attempted murder. The principal error assigned is that the evidence did not show the elements of premeditation or deliberation which the law requires. The theory is that there was nothing in the proof to show that the defendant set out with deliberation and premeditation to kill the prosecuting witness. From the evidence submitted the jury had a right to believe that the defendant, in a fit of jealousy, justified or unjustified, went to the shop of the prosecuting witness deliberately with a pistol, and if the evidence of the Government was to be believed, the said jury had a right to conclude that the defendant had the intention of killing the prosecuting witness. The law and the jurisprudence show that from the actions of a person the intention may be deduced. Penal Code section 12, California Jurisprudence Vol. 13 p. 597.

The deliberate use and firing of a pistol at another human being are circumstances from which a jury has a right to return a verdict of guilty.

The judgment should be affirmed.